FILED

2021 Mar-09  AM 11:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| SHELBIE SOSNOWCHIK | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:20-cv-00561-SGC |
| | ) | |
| PROVIDELT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER[1]

This lawsuit, filed by Shelbie Sosnowchik, asserts claims for breach of contract, fraud, and violations of the Fair Labor and Standards Act ("FLSA"). (Doc. 1). Presently pending is the motion filed by the sole defendant, ProvideLT, Inc., seeking dismissal or, alternatively, transfer. (Doc. 11).[2] The motion is fully briefed and ripe for adjudication. (Docs. 19, 21). As discussed below, ProvideLT's motion will be denied to the extent it seeks dismissal but granted to the extent it seeks transfer; this matter will be transferred to the Northern District of Texas.

## I.     BACKGROUND

ProvideLT is a Texas-based healthcare staffing firm that connects physicians and other medical professionals with healthcare employers and facilities. (Doc. 11

---

[1] The parties have consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c). (Doc. 16).

[2] Also pending is the motion to withdraw as counsel for ProvideLT filed by Brian R. Bostick. (Doc. 26). The motion is **GRANTED**. ProvideLT will continue to be represented by its other counsel of record.

at 2; *see* Doc. 1 at 2).  On March 28, 2019, Sosnowchik, an Alabama citizen, signed a contract entitled "Locums Agreement," under which she agreed to work as an independent contractor-provider for ProvideLT; the Locums Agreement defined ProvideLT as her "placement agent."  (Doc. 11-1 at 6; *see* Doc. 1 at 2).  The Locums Agreement also noted the specific terms for any particular locum tenens arrangement would be provided by a "Placement Letter."  (Doc. 11-1 at 6).  Paragraph seven— the paragraph immediately preceding Sosnowchik's signature—of the Locums Agreement provides:

> This Agreement is entered into in Texas. Any dispute under this agreement or related to this agreement shall be decided in accordance with the law of the State of Texas, and the agreed venue for any such dispute shall be in Dallas County, Texas.

(*Id.*).[3]

In June 2019, ProvideLT contacted Sosnowchik in Alabama via telephone, emails, and text messages to discuss her placement as a travel nurse. (Doc. 19-1 at 3; *see* Doc. 1 at 3).  Sosnowchik alleges that during these communications, ProvideLT's representatives promised her: (1) at least fifty hours of work per week; (2) a minimum of ten hours of overtime pay, compensated at a time-and-a-half rate;

---

[3] While not attached to the complaint, the Locums Agreement is referenced in the complaint, it is central to the claims presented, and its accuracy is uncontested.  Accordingly, the court can consider the Locums Agreement on a motion to dismiss.  *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).  Additionally, in light of the *forum non conveniens* issues presented, consideration of evidence outside the pleadings is appropriate.  *See, e.g., Jiangsu Hongyuan Pharm. Co. v. DI Global Logistics, Inc.,* 159 F. Supp. 3d 1316, 1322 (S.D. Fla. 2016).

(3) no less than six months guaranteed employment; and (4) flight reimbursements. (Doc. 1 at 3).

Sosnowchik agreed, resigned from the job she held at the time, and signed a "Provider Confirmation Letter" on July 14, 2019, to provide locum tenens services as a Certified Registered Nurse Anesthetist ("CRNA") for Seven Hills Anesthesia in Cincinnati, Ohio.  (Doc. 11-1 at 8; *see* Doc. 1 at 3).  Among other terms, the Provider Confirmation Letter noted Sosnowchik: (1) would work forty hours per week, with overtime compensation for additional hours worked; (2) was guaranteed six months of employment; and (3) would be compensated for flights between Cincinnati and Birmingham.  (Doc. 11-1 at 8).

Sosnowchik worked as a CRNA at Seven Hills Anesthesia.  (Doc. 1 at 3). However, the complaint alleges ProvideLT failed to: (1) provide the promised overtime hours; (2) reimburse travel expenses; (3) provide the minimum six months of employment; and (4) pay wages for all of the hours worked.  (*Id.* at 3-4).  Based on these facts, the complaint asserts claims for violations of the FLSA, breach of contract, fraud, and FLSA retaliation.  (*Id.* at 4-8).

## II.    DISCUSSION

ProvideLT's motion to dismiss asserts multiple grounds: (1) lack of federal subject matter jurisdiction; (2) lack of personal jurisdiction; and (3) improper venue under the forum selection clause.  (Doc. 11).  As previously noted, the motion seeks

transfer as alternative relief.  (*Id.*).[4]  As explained below, the court concludes dismissal for want for federal subject matter jurisdiction is not warranted. Additionally, it is unnecessary to discuss ProvideLT's other grounds for dismissal in light of the conclusion that transfer is the appropriate remedy under the forum selection clause.  Each conclusion is discussed in turn.

### A.  <u>Federal Subject Matter Jurisdiction</u>

The complaint invokes federal question jurisdiction as the sole font of subject matter jurisdiction in this case; that assertion is based on Sosnowchik's claims under the FLSA.  (Doc. 1 at 2).  Although it appears complete diversity of citizenship is present, the complaint does not assert federal diversity jurisdiction; nor does it allege facts sufficient for its invocation.

ProvideLT contends Plaintiff is not covered by the FLSA because she was an independent contractor under the plain terms of the Locums Agreement—not an FLSA-covered employee.  (Doc. 11 at 19-20).  Accordingly, ProvideLT contends there is no basis for federal subject matter jurisdiction.  (*Id.*).  ProvideLT does not so much assert this argument as preserve it.  (*Id.*).  As ProvideLT's motion candidly admits, the Eleventh Circuit has not addressed this issue, and the intra-circuit courts

---

[4] ProvideLT's motion also asserts, via footnote, that it was improperly served at the wrong address. (Doc. 11 at 19, n.4).  However, ProvideLT has not sought any specific relief on this ground, and it appears ProvideLT merely does not want to be served with future pleadings at an old address.  (*See* Doc. 21 at 8).

which have examined the argument do not characterize it as a threshold jurisdictional issue.  (*Id.*); *Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc*., No. 07-2359, 2008 WL 793660, at *1, n.2 (M.D. Fla. Mar. 24, 2008) (FLSA's definition of employee implicates an element of an FLSA claim, not a jurisdictional prerequisite); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006) (in the context of a Title VII claim, holding "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character"). On the basis of the foregoing authority, the court concludes the complaint sufficiently alleges federal question jurisdiction on the basis of its claims under the FLSA.

### B.   <u>Forum Selection Clause</u>

"Forum selection clauses in contracts are enforceable in federal courts." *P & S Bus. Machs., Inc. v. Canon USA, Inc.,* 331 F.3d 804, 807 (11th Cir. 2003).  The federal *forum non conveniens* statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  When faced with a § 1404 motion based on a valid forum selection clause, the clause should be "given controlling weight in all but the most exceptional cases." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59-60 (2013) (quoting *Stewart*

*Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)); *see also GDC Acquisitions, LLC v. Government of Belize,* 749 F.3d 1024, 1028-29 (11th Cir. 2014).   Where a forum selection clause governs the parties' claims and is otherwise valid, the resisting plaintiff bears the burden of showing why the clause is not due to be enforced.  *See Atl. Marine,* 571 U.S. at 63-64, 66, n.8.

Here, the forum selection clause in the Locums Agreement applies to "[a]ny dispute under this agreement or related to this agreement."  (Doc. 11-1 at 6).  The Eleventh Circuit has given broad interpretation to forum selection clauses.  *See, e.g. Stewart Org., v. Ricoh Corp.,* 810 F.2d 1066, 1070 (11th Cir.1987) (en banc), aff'd and remanded on other grounds, 487 U.S. 22, (1988) (holding clause which required parties to litigate "any case or controversy arising under or in connection with" their contract in New York encompassed both contract and tort claims); *Digit. Envoy, Inc. v. Google, Inc.,* 319 F. Supp. 2d 1377, 1380 (N.D. Ga. 2004) (forum selection clause covering "[a]ny lawsuit regarding this Agreement" applied to non-contractual claims); *McNair v. Monsanto Co.,* 279 F. Supp. 2d 1290, 1307-08 (M.D. Ga. 2003) ("all disputes arising under this agreement" sufficiently broad to include tort claims and breach of implied warranty claims); *Stephens v. Entre Comput. Ctrs., Inc.,* 696 F. Supp. 636, 638 (N.D. Ga. 1988) (clause in parties' agreement that referred to "any action" and which did not explicitly limit the actions to ones arising "under or in connection with the contract" was broad enough to encompass the plaintiff's fraud

6

claims).  Accordingly, ProvideLT has shown that the forum selection clause in the Locums Agreement applies to Sosnowchik's claims here.

In response, Sosnowchik asserts two arguments against enforcing the Locums Agreement's forum selection clause: (1) it is permissive, not mandatory; and (2) it was procured by fraud.  (Doc. 19 at 11-14).  These arguments can be addressed in short order.   As to the mandatory/permissive dichotomy, the Eleventh Circuit has explained:

> A mandatory clause designates a specific forum as the exclusive forum in which to litigate the dispute. A permissive clause merely consents to jurisdiction in the designated forum and does not foreclose litigation in the alternative forum.

*Cardoso v. Coelho*, 596 F. App'x 884, 885-886 (11th Cir. 2015).  The Eleventh Circuit interprets the use of the word "shall" as creating a mandatory provision. *Cornett v. Carrithers*, 465 F. App'x 841, 843 (11th Cir. 2012) (per curiam) (quoting *Slater v. Energy Servs. Grp. Int'l, Inc*., 634 F.3d 1326, 1330 (11th Cir. 2011)).  Here, the parties agreed the venue for any dispute under or related to the Locums Agreement "shall be in Dallas County, Texas."  (Doc. 11-1 at 6).  Accordingly, the forum selection clause in this case is mandatory, not permissive.

Next, to the extent Sosnowchik contends the forum selection clause is unenforceable due to fraud, her arguments fail on both the legal merits and the facts as pled—or incorporated—in the complaint.  In order to invalidate a forum selection clause on the basis of fraud, a plaintiff must specifically allege the clause was

fraudulently included in the contract. *See Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1296 (11th Cir. 1998); *David's Auto Shredding, Inc. v. Shredder Co., LLC*, No. 08-0410, 2009 WL 8478359, at *3 (S.D. Ala. Mar. 24, 2009), *report and recommendation adopted by* 2011 WL 4915155 (S.D. Ala. Oct. 17, 2011).   This rule ensures more general fraud claims are litigated in the contractually-selected forum.   *Lipcon*, 148 F.3d at 1296.   Here, Sosnowchik contends ProvideLT misrepresented the terms of her compensation with Seven Hills Anesthesia and thus that she would not have entered into any contract absent this fraud.  (Doc. 19 at 13-14).  Sosnowchik's arguments in this regard merge with her fraud claim in the complaint, which should be litigated in the forum agreed to by the parties.  This falls far short of the showing required to avoid a forum selection clause on the basis of fraud.

Factually, even if Sosnowchik's argument regarding fraud were legally meritorious, they would fail on the basis of the allegations in the complaint.  The only fraud alleged in the complaint occurred in June 2019.  (Doc. 1 at 3).  However, Sosnowchik signed the Locums Agreement—including the forum selection clause— more than two months prior, on March 28, 2019.  (Doc. 11-1).  Accordingly, Sosnowchik's arguments regarding fraudulent inducement are devoid of colorable merit on the basis of chronology alone.

Having determined the forum selection clause should be applied to Sosnowchik's claims, the remaining question concerns the appropriate relief. To be sure, ProvideLT seeks dismissal under Rule 12(b)(3); however, it seeks the alternative relief of transfer to the appropriate venue under § 1404(a). "While Federal Rule of Civil Procedure 12(b)(3) authorizes the outright dismissal of an action for improper venue, courts typically enforce forum selection clauses by transferring cases to the appropriate forum under 28 U.S.C. § 1404(a)." *David's Auto Shredding, Inc.*, 2009 WL 8478359, at \*2 (citing *Lipcon,* 148 F.3d at 1290, n.3). The court concludes ProvideLT's alternative request for transfer to the proper forum promotes the interests of justice in this case. *See Peltier v. Tiara-Pursuit Yacht Ctr.*, No. 13-075, 2013 WL 1882317, at \*2 (S.D. Ala. Apr. 15, 2013), *report and recommendation adopted by* 2013 WL 1882316 (S.D. Ala. May 3, 2013); *KM Processing Sols., LLC v. Bunting Magnetics Co.*, No. 13-0366, 2013 WL 6228734, at \*4 (S.D. Ala. Dec. 2, 2013).

Having concluded Sosnowchik's claims will be transferred to the Northern District of Texas, it is not necessary to address ProvideLT's arguments regarding personal jurisdiction. *Stewart v. Dean-Michaels Corp.*, 716 F. Supp. 1400, 1401 (N.D. Ala. 1989) ("the dispute over personal jurisdiction becomes academic in view of the transfer option presented by 28 U.S.C. §§ 1404(a) and 1406(a)"); *Reach Media Grp., LLC v. Coulthrust*, No. 13-1220, 2013 WL 6410717, at \*1-2 (N.D. Ga. Dec.

9, 2013) (declining to rule on personal jurisdiction question in light of transfer). Accordingly, ProvideLT's arguments for dismissal are due to be denied without prejudice.

## III.   CONCLUSION

For the foregoing reasons, ProvideLT's motion to dismiss or transfer is **GRANTED IN PART** and **DENIED IN PART**.  (Doc. 11).  Specifically, the motion is **DENIED WITHOUT PREJUDICE** to the extent it seeks dismissal; the motion is **GRANTED** as to the alternative relief sought—transfer under the forum selection clause.  The Clerk of Court is **DIRECTED** to **TRANSFER** this matter to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1404(a).

**DONE** this 9th day of March, 2021.

Staci G. Cornelius

STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE